IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAWRENCE BROWN,                           *
                                          *
          Plaintiff,                      *
                                          *
v.                                        *    Case # 4:21-cv-00147-RSB-CLR
                                          *
BOARD OF REGENTS OF THE                   *
UNIVERSITY SYSTEM OF                      *
GEORGIA,                                  *
                                          *
          Defendant                       *

---

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant in the above-styled action, by and through its undersigned counsel, and files this its Brief in Support of its Motion for Summary Judgment, as follows:

### Introduction

This is a Title VII retaliation claim filed by Plaintiff, Lawrence Brown, a former employee of the Savannah State University Police Department.   Plaintiff Brown's Complaint is based upon his participation in the internal investigation  of allegations made by three former female police officers at Savannah State University who filed complaints of sexual harassment against former Savannah State University Police Chief James Barnwell.

The Plaintiff contends that in late February or March, 2018, two subordinate female police officers approached the Plaintiff and informed him that they were being sexually harassed and mistreated by the then Chief of Police, James Barnwell.  (Doc. 12, ¶ 7). The Plaintiff contends that after listening to the concerns, he advised the female officers that they should seek assistance from

the Savannah State University legal office.  *Id.* at ¶ 8. Plaintiff further contends that in March or April, 2018, these three female officers filed internal complaints with the Board of Regents alleging they were the victims of sexual harassment. *Id.* at ¶ 9.

The Board initiated an investigation of the complaints that was conducted by the Board of Regents and its in-house investigator, Natasha Webb-Prather.  *(Id.* at ¶ 10; Dep. of Flora Devine, Exh. 8, pg. 2.)   During the investigation, former Chief Barnwell contended that the Plaintiff and another former SSU Officer, Cpt. Raphael Hall had encouraged the three female officers to file the complaints in an attempt by the officers to avoid discipline for their alleged poor performance. (Doc. 12, ¶11).   Plaintiff was interviewed as part of the investigations which ultimately resulted in the termination of former Chief Barnwell on May 23, 2018.   (Doc. 12, ¶12).

In July, 2019, as a result of a comprehensive administrative review initiated by the Board of Regents, because of budgetary concerns and declining enrollment, a reduction in force resulted in the elimination of 57 positions at Savannah State University, including three in the Savannah State University Police Department.   (Dep. of Flora Devine, Exh. 8, pg. 4).   Plaintiff was one of the positions eliminated in the Savannah State Police Department and was encouraged to reapply for a newly created position of Major that was created a result of the reduction in force.  *Id.* at pg. 5. Plaintiff applied but was not selected for the position, and he contends that his non-selection was retaliation for participation in the internal investigation of the sexual harassment complaints.  (Doc. 12, ¶ 30).

Defendant has filed the present Motion for Summary Judgment and contends that it is entitled to dismissal of the Plaintiff's retaliation complaint under Title VII.  First, participation in an internal investigation is not protected activity under Title VII.  Furthermore, even if Plaintiff could show that

he participated in protected activity, Defendant had a legitimate non-discriminatory reason for the Reduction in Force, i.e., budgetary concerns and declining enrollment. Since Plaintiff cannot show the Defendant's non-discriminatory reason was pretext, Defendant is entitled to Summary Judgment on Plaintiff's retaliation claim.

### Standard of Review

The moving party's burden in a motion for summary judgment is discharged by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden then shifts to the non-movant to establish that there is a genuine issue as to facts material to the non-movant's case. *Thompson v. Metropolitan Multi-List, Inc.*, 934 F.2d 1566, 1583 n.16 (11th Cir. 1991). If the non-moving party's response contains nothing more than conclusory allegations, the Court must enter summary judgment in favor of the movant. *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

### Argument and Citation of Authority

**I.    *Plaintiff's Title VII retaliation claim fails.***

In order to establish a prima facie case for retaliation under Title VII, a claimant generally must show that (1) she engaged in statutorily protected activity; (2) she suffered the type of materially adverse action that would dissuade a reasonable employee from engaging in the statutorily protected activity; and (3) there was a causal relationship between the events. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006).

Title VII recognizes two forms of statutorily protected conduct. An employee is protected from discrimination if (1) "he has opposed any practice made an unlawful employment practice by this subchapter" (the opposition clause) or (2) "he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this subchapter" (the participation clause).  42 U.S.C. §2000e-3(a).

In order to have engaged in protected activity under the participation clause, the employee must have "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter," that is, subchapter VI of Chapter 21 of Title 42 (42 U.S.C. §§2000e-200e-17).  42 U.S.C. §2000e-3(a).

### A.    *Plaintiff did not participate in an investigation, proceeding, or hearing under Title VII*

In his Amended Complaint, Plaintiff contends that in March or April, 2018, three female police officers including two who had approached Plaintiff with complaints about Chief of Police James Barnwell filed internal complaints with the Board of Regents and the Savannah State University alleging that they were victims of sexual harassment.  *Id.* at ¶ 9.  Plaintiff further alleges that the Board initiated an investigation of the complaints that was conducted by the Board of Regents.  (Doc. 12, ¶10).  Plaintiff also alleges that during the investigation Barnwell defended himself by stating the complaints were started by Plaintiff and another SSU Officer, Cpt. Raphael Hall to avoid discipline for alleged poor performance.  *Id.* at ¶11.  The Plaintiff further contends that he and Cpt. Hall were interviewed as part of the internal investigation.  *Id.* at ¶12.  Plaintiff acknowledges that the investigation verified the complaints from the female officers and that Chief Barnwell was terminated as a result on May 23, 2018.  *Id.* at ¶21.  Plaintiff's claim for retaliation is based on Plaintiff's participation in the investigation by the Board of Regents.  *Id.* at ¶33.

However, the participation clause does not apply to participation in an employer's internal in-house investigation. *EEOC v. Total Systems Svcs., Inc.*, 221 F.3rd. 1171 (2000). *See also*, *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir., 1978) (stating that participation means "participation in the machinery set up by Title VII to enforce its provisions" ). Since Plaintiff's participation was limited to an internal investigation by the Board of Regents, he has no Title VII claim and Defendant is entitled to Summary Judgment.

**B.    *Plaintiff cannot show a causal relationship between the reduction in force and any protected activity.***

"Title VII . . . prohibit(s) employers from taking adverse actions against employees in retaliation for their opposition to statutorily prohibited . . . discrimination." *Williams v. Waste Mgmt., Inc.,* 411 F. App'x 226,  (11th Cir. 2011).   "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Robinson v. City of Pittsburgh,* 120 F.3d 1286, 1300 (3rd Cir. 1997) (citation and internal marks omitted).   Conduct that falls short of an ultimate employment decision must meet "some threshold level of substantially . . . to be cognizable under the anti-retaliation clause." *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1456 (11th Cir. 1998).   Whether an action is sufficient to constitute an adverse employment action for purposes of a retaliation claim must be determined on a case-by-case basis, *id.* at 1178, using both a subjective and an objective standard, *see Doe v. Dekalb County School Dist.*, 145 F.3d 1441, 1448-49 (11th Cir. 1998)(recognizing that the subjective requirement is virtually almost always satisfied and imposing an objective requirement, as well." )

-5-

In the present case, Plaintiff contends that he was "terminated" and not provided the new Major position in retaliation for engaging in protected activity.   The protected activity, as shown above, was the alleged participation in the investigation of the sexual harassment complaints against former Chief James Barnwell.

The Plaintiff does not allege, and cannot show, any adverse employment actions that took place between the time he spoke with two of the complainants about their claim against Chief Barnwell and the elimination of his position on July 15, 2019 as part of the university-wide reduction in force.  (Dep. of Flora Devine, Exh. 8, pg. 1).

It is undisputed that a reduction in force is a legitimate non-discriminatory reason for the termination of an employee.  *EEOC v. McPherson Companies, Inc.*, 914 F.Supp. 2nd 1234 (N.D. Ala. Nov. 14, 2012).   In *McPherson*, after noting that a reduction in force is a legitimate reason for termination, the Court stated "it is very difficult to make a jury issue out of pretext when the articulated reason for an employer's termination is a RIF that involves as many as eleven employees. EEOC has not offered any evidence of pretext that can overcome the RIF as its legitimate articulated reason."  *Id.* at 1247.

In the present case, it is undisputed that Savannah State University initiated a review of all departments in the University as part of a reduction in force that took place across all institutions within the Board of Regents.  (Dep. of Lawrence Brown, pg. 59; Dep. of Flora Devine, Exh. 8, pg. 4).  According to Flora Devine, the reduction at Savannah State University resulted in 26 Savannah State University faculty whose contracts were not renewed and 31 Savannah State University staff persons whose positions were eliminated.  (Dep. of Flora Devine, Exh. 8, pg. 4).  Plaintiff cannot show that the elimination of Plaintiff's position was an adverse action taken in retaliation for

opposition for participation in a Title VII investigation and cannot overcome the legitimate articulated reason for the elimination of his position.

Furthermore, Plaintiff cannot rely on any temporal proximity between the alleged protected activity and the Reduction in Force.   Here, Plaintiff admits that he spoke with two of the sexual harassment complainants in late February or March, 2018.    The Reduction in Force was implemented in July, 2019, well over a year after the alleged protected activity.   "When a significant amount of time has elapsed between the protected expression and the adverse action, a causal connection can exist if and only if the protected expression and the adverse action are linked by a chain of intervening retaliatory acts." *McPherson Companies, Inc., supra*. at 1247 quoting *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3rd 1453, 1467 (11th Cir. 1998).   Temporal proximity by itself must be "very close in order to establish the causal connection."   *Id.* at pg. 1247.

"The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Williams*, 411 F. App'x at 229 (quoting *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001)). However, once a plaintiff establishes a prima facie case of retaliation, "the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." *Pennington*, 261 F.3d at 1266 (citations omitted).    Plaintiff ultimately has the burden of proving beyond a preponderance of the evidence that the employer's provided reason is a pretext for prohibited, retaliatory conduct. *Id*. "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Williams*, 411 F. App'x at 229 (emphasis added) (quoting *Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999)). The causal connection "may be inferred by close temporal

proximity between the protected activity and the adverse employment action[;]" however, "mere temporal proximity, without more, must be very close." *Id*. (citation omitted).    In the present case, Plaintiff cannot rely on temporal proximity and his case must be dismissed.

Finally, Plaintiff cannot establish a causal connection because he cannot show that the decision makers involved in the RIF were aware of his communications with the sexual harassment complainants or with his interview with the Board of Regents' investigator who was investigating the complaints.  As previously, shown, an organizational review of the Savannah State University Police Department was conducted by Major Brian K. Lawton from Georgia State University as part of the Reduction in Force.  (Dep. of Jacqueline Stepherson, pg. 12).  Direct recommendations made by Major Lawton submitted along with the recommendations and reviews of other departments to an administrative group which consisted of Chief Human Resources Officer, Jacqueline Stepherson, the President of Savannah State University, the interim VP for business and finance, the Vice President for academic affairs as well as representatives from the University System Office.  (Dep. of Jacqueline Stepherson, pp. 12-13).  Plaintiff cannot show that these individuals were aware of any protected activity, and therefore his retaliation claim must fail.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Florida Board of Regents, et al.,* 212 F.3d 571, 590 (11th Cir. 2000).  (internal citation omitted).   "Discrimination is about actual knowledge , and real intent, not constructive knowledge and assumed intent.  When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker." *Walker v. Prudential Prop. & Cas. Ins. Co.,* 286 F.3d 1270, 1274 (11th Cir. 2002)(internal citations omitted.)

Plaintiff is required to prove the decision maker was actually aware of the protected activity at the time it took adverse action, and here, Plaintiff fails to meet that burden. *See Id.* at 1354. As held in *Clover*, there is a key difference between "could have told" and "did tell" in terms of decision makers having information, and here there is no evidence of what the decision makers knew. *Id.* at 1355; *see also Cid v. City of Miramar*, 810 F. App'x 816, 822 (finding no causal connection because Eleventh Circuit refused to speculate that a human resources investigator told the decision makers about plaintiff's protected activity). Since Plaintiff cannot establish that the decision makers for the RIF were aware of any protected activity, the claim must be dismissed.

### Conclusion

The Plaintiff's claim for retaliation pursuant to Title VII must be dismissed. First, Plaintiff's participation in an internal investigation conducted by the Board of Regents is not protected activity within the meaning of Title VII. In addition, even if Plaintiff could show that he participated in a protected activity, Defendant had a legitimate non-discriminatory reason for the Reduction in Force which eliminated Plaintiff's job, i.e., budgetary concerns and declining enrollment. Finally, the Plaintiff cannot establish a causal relationship sufficient to support his Title VII retaliation claim. Therefore, Defendant respectfully requests that this Court grant its Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2022.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
tcarter@brbcsw.com
**ATTORNEY FOR DEFENDANT**
BROWN, READDICK, BUMGARTNER

CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAWRENCE BROWN,                    *
                                   *
        Plaintiff,                 *
                                   *
v.                                 *    Case # 4:21-cv-00147-RSB-CLR
                                   *
BOARD OF REGENTS OF THE            *
UNIVERSITY SYSTEM OF               *
GEORGIA,                           *
                                   *
        Defendant                  *

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 15th day of September, 2022.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
Attorney for Defendant
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX